

LAW OFFICES OF
**ELMER ROBERT KEACH, III**
A PROFESSIONAL CORPORATION

ONE PINE WEST PLAZA
SUITE 109
ALBANY, NY 12205-5531
TEL: (518) 434-1718
FAX: (518) 770-1558
www.keachlawfirm.com

ELMER ROBERT KEACH III
bobkeach@keachlawfirm.com

MARIA K. DYSON
mariadyson@keachlawfirm.com

January 2, 2018

**<u>Via CM/ECF Filing</u>**
The Honorable Therese Wiley Dancks
United States Magistrate Judge
United States District Court
Federal Building and United States Courthouse
100 South Clinton Street
Syracuse, NY 13261-7346

   Re: *Nelson v. Sabre Companies LLC*, Civil Action No. 15-cv-0314-BKS-TWD

Dear Judge Dancks:

  Plaintiffs Kirk Nelson and John Evans and the opt-in plaintiffs who have joined this action (collectively "Plaintiffs" or "Operators"), move this Court for an order compelling Defendants Sabre Companies LLC and Sabre Energy Services LLC (collectively "Sabre") to produce documents relating to its decision to classify Operators as exempt, its decisions to maintain the exempt classification (or not to re-classify), and its knowledge and understanding of the FLSA – including documents reflecting legal advice that informed Sabre's state of mind.

**I. BACKGROUND**

  Plaintiffs allege that Sabre willfully failed to pay them overtime in violation of the FLSA. *See* Doc. 46, Amended Complaint, ¶¶ 58 – 60, 74. Sabre alleges that it did not "willfully" violate the FLSA, and therefore a two-year statute of limitation, rather than three-year statute of limitations, should apply. *See* Doc. 50, Answer, ¶¶ 2, 58 – 60; Second Affirmative Defense (statute of limitations). Sabre has also raised the affirmative defense of "good faith," alleging that "Defendants' acts and omissions were in good faith, and Defendants had reasonable grounds for believing that their acts and omissions were in compliance with the FLSA and the AMWA." *Id.* (Seventh Affirmative Defense).

  Sabre admits that it has documents responsive to Plaintiffs' discovery requests regarding these defenses, and its privilege log contains 22 entries for documents relevant to Defendant's state

of mind concerning the classification of its employees as exempt. *See* Sabre's Privilege Log entries 5 – 11; 16 – 27; 45 – 47 (Ex. 1 hereto).  Specifically, these entries, which predate the filing of the instant suit by over two years, contain communications with attorneys for "purposes of securing legal advice on employee classification." *Id.*

Defendants' claim of privilege is fatally flawed.  As demonstrated below, Defendants waived the attorney-client privilege with respect to communications regarding the decision to classify Operators as exempt by denying that it acted willfully *and* by raising good faith and statute of limitations defenses, *all* of which place its state of mind at issue at time when it evaluated the classification decision.  Whether Sabre ultimately relied on its counsel's advice, or simply ignored it, is not relevant.  In *United States v. Bilzerian*, , the Second Circuit held that the attorney-client privilege is waived in virtually identical situations.  *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (holding that the Attorney-Client privilege cannot be used as a sword and shield, and finding that, where a party claims that he acted in good faith based on communications with counsel, those "… conversations with counsel regarding the legality of his schemes would have been directly relevant in determining the extent of his knowledge and, as a result, his intent."). District courts throughout the Second Circuit repeatedly have followed *Bilzerian* regarding at-issue waiver in FLSA cases. *See, e.g., Scott v. Chipotle Mexican Grill, Inc.*, 67 F. Supp. 3d 607, 616 (S.D.N.Y. 2014) (citing *Bilzerian* and holding that defendant's assertion of good faith and lack of willfulness defenses waived privilege despite defendants' efforts "to plead around them by avoiding mention of the advice of counsel, except to disclaim it."). These cases, detailed further below, rest on the sound rationale that a party cannot maintain privilege when they inject facts into a case which require examination of its entire state of mind.

Sabre contends that its willingness to "withdraw its good faith defense" should "eliminate any question about whether privileged communications have been put "at issue" in this litigation." *See* Sabre's Nov. 21, 2017 letter (Doc. 124). But six weeks have passed since Sabre offered the tactical gambit of withdrawing its good faith defense, and it has taken no steps to amend its Answer to withdraw the defense. The Court should not issue an advisory opinion based upon the hypothetical withdrawal of a defense when Sabre continues to assert the defense.

Finally, even Sabre's withdrawal of the good faith defense would not be dispositive. Sabre's denial of willfulness continues to implicate its state of mind, and therefore places these documents "at issue". And while the burden of proof for willfulness remains with the Plaintiffs, the statute of limitations is an affirmative defense that Sabre has raised as its Second Affirmative Defense. *See Brock v. Wackenhut Corp.*, 662 F. Supp. 1482, 1487 (S.D.N.Y. 1987) (statute of limitations period in the FLSA is a "procedural limitation on relief that must be pleaded as an affirmative defense"); *see also Wade v. Orange County Sheriff's Office*, 844 F.2d 951, 955 (2d Cir. 1988) ("contention that all or part of an action is barred by the statute of limitations is an affirmative defense.") (citing Fed. R. Civ. P. 8(c)). Thus, both Sabre's denial of willfulness and affirmative statute of limitations defense inject its state of mind into this case.

## II.  ARGUMENT

### A.  Standard for Relevancy of Evidence Sought During Discovery

Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ." Fed. R. Civ. P. 26(b)(1). "Relevance is still to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14-CV-9792 (WHP) (JCF), 2015 U.S. Dist. LEXIS 162164, *7 (S.D.N.Y. Dec. 3, 2015) (quotations omitted); *see also Catania v. United States*, No. 14-CV-553A(F), 2016 U.S. Dist. LEXIS 10725, at *8-9 (W.D.N.Y. Jan. 28, 2016) ("Rule 26(b)(1) authorizes discovery as to any information relevant to a claim or defense, Rule 26(b)(1), and relevance means the evidence is probative, i.e., tending to making an asserted fact of consequence in the case more or less probable than it would be without the evidence.") (citing Fed.R.Evid. 401.). The burden of establishing attorney-client privilege is on the party asserting it. *See HSH Nordbank AG N.Y. Branch v. Swerdlow*, 259 F.R.D. 64, 70 (S.D.N.Y. 2009) (citations omitted). Likewise, the party asserting the privilege also bears the burden of demonstrating that it has not been waived. *Id.*

### B.  Plaintiffs Are Entitled to the Requested Discovery

#### 1.  **Sabre's Denial of Willfulness *and* its Assertion of Good Faith and Statute of Limitation Defenses *All* Put Sabre's State of Mind at Issue.**

Sabre's denial of willfulness and its affirmative good faith and statute of limitations defenses are so interrelated that they *all* put Sabre's state of mind at issue. An employer has committed a "willful" violation of the FLSA where the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute [*i.e.*, the FLSA] . . . ." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999). "*All of the facts and circumstances surrounding the violation* shall be taken into account in determining whether a violation was willful." 29 C.F.R. § 578.3(c)(1) (emphasis supplied). An employer will be deemed to have recklessly disregarded the statute if it "should have inquired further into whether its conduct was in compliance with the Act, and failed to make adequate further inquiry." 29 C.F.R. § 578.3(c)(3).  Thus, whether an employer sought or heeded advice from its attorneys is directly relevant to the willfulness determination.

Similarly, the affirmative defense of "good faith" under 29 U.S.C. § 260 requires an employer to prove it had "honesty of intention and no knowledge of circumstances which ought to put [it] upon inquiry" about the lawfulness of its classification decision regarding Operators.  *See* 29 C.F.R. § 790.15. The FLSA provides employers with an affirmative defense to liquidated damages if they can show they "acted in subjective 'good faith' and had objectively 'reasonable grounds' for believing that the acts or omissions giving rise to the failure did not violate the [Act]." *Herman*, 172 F.3d  at 142 (quoting 29 U.S.C. § 260). Acting in good faith requires that an employer "first take active steps to ascertain the dictates of the FLSA and then move to comply with them." *Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997).

The two inquiries essentially mirror each other, and Courts have held "a finding of "good faith" for purposes of liquidated damages precludes a finding of willfulness for purposes of a three year statute of limitations period, and vice versa." *Caminiti v. Cty. of Essex*, No. 04-4276 (WHW), 2007 U.S. Dist. LEXIS 56361, at *18 (D.N.J. July 31, 2007) (quoting *Burgess v. Catawba County*, 805 F. Supp. 341, 351 (W.D.N.C.1992)); *see also Petit v. Dale AdOperators Enterprises*, No. 5:13CV612, 2014 WL 1874217, at * 12 (N.D. Ohio May 8, 2014) ("willful violation of the FLSA precludes a finding of good faith and liquidated damages must be awarded."). Thus, regardless of which party holds the burden, an employer that *both* denies willfulness *and* asserts good faith and statute of limitations defenses places its state of mind at issue.

### 2. Second Circuit Jurisprudence Demonstrates a Waiver of the Privilege

In *Bilzerian*, the Second Circuit held that the privilege normally protecting attorney-client communications regarding the relevant issue "may implicitly be waived when defendant asserts a claim [like "good faith"] that in fairness requires examination of protected communications." *Bilzerian*, 926 F.2d at 1292. The Court further explained that the defendant's "conversations with counsel regarding the legality of his schemes would have been directly relevant in determining the extent of his knowledge and, as a result, his intent." *Id.*; *accord In re County of Erie,* 546 F.3d 222, 228-29 (2d Cir. 2008) ("the assertion of a good-faith defense involves an inquiry into state of mind, which typically calls forth the possibility of implied waiver of the attorney-client privilege.").

Though *Bilzerian* involved a case regarding securities fraud charges, it is well-settled that the Second Circuit's rationale applies equally to a defendant's denial of willfulness and assertion of good faith as a defense in an FLSA action. For example, the Southern District of New York applied *Bilzerian* in the FLSA context to deny defendant Chipotle's motion for a protective order to prevent the plaintiffs from discovering its "attorney-client communications regarding the decision to classify apprentices as 'executive' and thus exempt from overtime pay." *Chipotle*, 67 F. Supp. 3d at 609. As in the instant case, *Chipotle* denied willfulness and asserted good faith. The court set forth the law in this Circuit stating that "courts within this Circuit, relying on *Bilzerian*, have reaffirmed the broader principle that forfeiture of the privilege may result where the proponent asserts a good faith belief in the lawfulness of its actions, even without expressly invoking counsel's advice." *Chipotle*, 67 F. Supp. 3d at 611 (citation omitted). The Court found that the "plaintiffs are therefore entitled to know if the defendant ignored counsel's advice." *Id*. at 616. The "waiver may apply even if the defendant claims to have ignored the advice of counsel." *Id*. (citations omitted).[1]

---

[1] *See also Favors v. Cuomo*, 285 F.R.D. 187, 199 (E.D.N.Y. 2012) (collecting authority and finding a good faith defense can result in waiver "even without [the privilege proponent] invoking counsel's advice."); *MBIA Ins. Corp. v. Patriarch Partners VIII, LLC*, 2012 WL 2568972, at *7 (S.D.N.Y. July 3, 2012) (stating that courts have "rejected the argument . . . that a party could present state of mind evidence without waiving the attorney client privilege, so long as it refrained from relying on the advice of counsel"); *Arista Records LLC v. Lime Gr. LLC*, 2011 U.S. Dist. LEXIS 42881, at *11 (S.D.N.Y. Apr. 20, 2011) (stating that "[e]ven if . . . [Defendant's] beliefs about the lawfulness of his conduct were actually separate from legal advice . . . Plaintiffs still would be entitled to know if [Defendant] ignored counsel's advice.") (internal citations and quotation marks omitted).

A legion of authority holds similarly. For example, in *Heitzenrater v. OfficeMax, Inc.*, No. 12-CV-900S(F), 2015 U.S. Dist. LEXIS 175128 (W.D.N.Y. June 22, 2015), the Western District of New York applied *In re County of Erie* and *Bilzerian* to grant plaintiffs' motions to compel documents and deposition testimony relating to defendants' decision to classify collective and class action members as exempt employees where the defendant *denied willfulness* and asserted the good faith defense. *See also Enea v. Bloomberg L.P.*, No. 12cv4656-GBD-FM, 2015 U.S. Dist. LEXIS 111901, at *20-21 (S.D.N.Y. Aug. 20, 2015) ("unless Bloomberg withdraws its defenses of good faith *and lack of willfulness*, it will be required to turn over . . . documents in its possession, custody, or control that concern the classification of its employees as exempt  . . .") (emphasis supplied); *Xuedan Wang v. Hearst Corp.*, No. 12 CV 793 (HB), 2012 U.S. Dist. LEXIS 179609, at *5 (S.D.N.Y. Dec. 19, 2012) (holding that defendant's assertion of good faith defense waived privilege).

The Plaintiffs' waiver argument is particularly compelling here given that discovery documents in this action demonstrate the financial motivation behind classifying operators as "exempt" employees in order to save money while ignoring the requirements of the FLSA. Regardless, Sabre plans to argue to the prospective jury in this case that their violation was not "willful."  In so arguing, they plan to keep the jury from learning about their consultation with attorneys who may have advised them that their conduct may have violated the FLSA, or that they should gather information to determine whether they complied with the FLSA.  This is the classic example of using the privilege as a "sword" and a "shield."  The use of privilege in this fashion is grossly unfair.

Accordingly, Sabre has waived the attorney-client privilege regarding its communications about the classification of the Operator position, and the Court should order Sabre to reveal the content of such communications that relate to its denial of willfulness and affirmative defenses of good faith and statute of limitations.

### 3. Policy and Fairness Support Waiver of the Privilege

Finally, it would be fundamentally unfair to permit Sabre to shield its communications with counsel regarding its classification decisions.  As another court has written: "Because legal advice that a party received may well demonstrate the falsity of its claim of good faith belief, waiver in these instances arises as a matter of fairness, that is, it would be unfair to allow a party to 'use an assertion of fact to influence the decisionmaker while denying its adversary access to privileged material potentially capable of rebutting the assertion.'" *Leviton Mfg. Co., Inc. v. Greenberg Traurig LLP*, 2010 U.S. Dist. LEXIS 128849, at *8 (S.D.N.Y. Dec. 6, 2010), *quoting John Doe Co. v. United States*, 350 F.3d 299, 306 (2d Cir. 2003).

Put another way, because Sabre has sought the benefits of legal advice – *e.g*., as a limitation on or protection from liquidated damages or the third year of the statute of limitations – "on the very issue on which it asserts good faith, it puts its relevant attorney-client communications at issue and thereby waives the privilege." *Chipotle*, 67 F. Supp. 3d at 618.  To hold otherwise would effectively allow Sabre to hide behind the shield of the attorney-client privilege, while at the same time asserting privilege against the discovery of the substance of those communications as a sword against liability, liquidated damages, and a longer statute of limitations.  *John Doe Co.*, 350 F.3d

at 304 ("Forfeiture of this type is premised on the unfairness to the adversary of having to defend against the privilege holder's claim without access to pertinent privileged materials that might refute the claim.").[2]

Finally, in terms of fairness, Sabre is not without options. Sabre has pled a "panoply of defenses." Dkt. No. 50; *Chipotle*, 67 F. Supp. 3d at 617. If Sabre does not wish to waive the attorney-client privilege as to the issues of good faith and lack of willfulness, then it can withdraw the affirmative defenses of good faith and statute of limitations and its denial of willfulness, while maintaining all its other defenses.[3]

### III.   CONCLUSION

Sabre has undoubtedly placed its state of mind at issue by denying willfulness and asserting good faith and statute of limitations defenses. It should therefore be compelled to produce the documents it claims are privileged that concern the classification of Operators as exempt.

Dated: January 2, 2018                                  Respectfully submitted,

/s/ Elmer R. Keach III                                  */s/* Nicholas A. Migliaccio
Elmer R. Keach III, Esq.                                Nicholas A. Migliaccio, Esq.
Maria K. Dyson, Esq.                                    */s/* Jason S. Rathod
LAW OFFICES OF ELMER ROBERT                             Jason S. Rathod, Esq.
KEACH, III, P.C.                                        MIGLIACCIO & RATHOD LLP
One Pine West Plaza - Suite 109                         412 H Street, N.E., Suite 302
Albany, NY 12205                                        Washington, D.C. 20003
Tel: 518.434.1718                                       Tel: 202.470.3520
Fax: 518.770.1558                                       Fax: 202.800.2730
bobkeach@keachlawfirm.com                               nmigliaccio@classlawdc.com
mariadyson@keachlawfirm.com                             jrathod@classlawdc.com

---

[2] Thus, if Sabre only took preliminary steps to inquire as to the classification of Operators, but ultimately did not seek any advice, it would tend to refute good faith and prove willfulness, and Plaintiffs should have access to this information.

[3] *Roseman v. Bloomberg L.P.*, No. 14-CV-2657 (TPG) (KNF), 2016 U.S. Dist. LEXIS 89595, at *15-16 (S.D.N.Y. June 17, 2016) does not compel a contrary conclusion because its rationale does not withstand scrutiny. The court in *Roseman* relied upon *In re County of Erie* and *Bilzerian* to find that "denial of allegations in a complaint, including an element of a crime, let alone an element of a claim in a civil action, does not constitute a waiver of the attorney-client privilege and work-product protection." *Id.* But the Second Circuit in *Bilzerian* noted that "the [defendant's] testimony about [reasons for making the changes] would be inextricably intertwined with Bilzerian's assertion of good faith . . .", like Sabre's reasons for denying willfulness here, and would thus "necessarily involve Bilzerian's state of mind." *Bilzerian,* 926 F.2d at 1294. And the Second Circuit in *In re County of Erie* specifically cabined its ruling to circumstances where, unlike here, "[n]othing in the record suggests that [an employer has] waived the privilege by "an assertion of fact [such as the denial of willfulness] to influence the decisionmaker."" *Id.,* 546 F.3d at 230 (citing *John Doe Co.*, 350 F.3d at 306). Plaintiffs therefore respectfully suggest that *Roseman* misapplied this precedent and was incorrectly decided.

The Honorable Therese Wiley Dancks
January 2, 2018, Page 7
Re:  *Nelson v. Sabre Companies*

Gary E. Mason, Esq.
Danielle L. Perry, Esq.
WHITFIELD BRYSON & MASON LLP
5101 Wisconsin Ave. N.W., Suite 305
Washington, D.C. 20016
Tel: 202.429.2290
Fax: 202.429.2294
gmason@wbmllp.com

D. Aaron Rihn, Esq. (*pro hac vice*)
ROBERT PEIRCE & ASSOCIATES, P.C.
2500 Gulf Tower, 707 Grant Street
Pittsburgh, PA 15219-1918
Tel: 412.281.7229
Fax: 412.281.4229
arihn@peircelaw.com